1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

***E-FILED - 6/12/08***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN O'CONNELL,                    )        No. C 01-20863 RMW (PR)
                                    )
                                    )        ORDER DENYING
              Petitioner,           )        CERTIFICATE OF
                                    )        APPEALABILTY, LEAVE TO
                                    )        PROCEED IN FORMA
    vs.                             )        PAUPERIS ON APPEAL, AND
                                    )        APPOINTMENT OF
                                    )        COUNSEL
JOE McGRATH, Warden,                )
                                    )
                                    )        (Docket Nos. 146, 147, 148,
              Respondent.           )        149, 155, 156.)
                                    )
_____)

        Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was denied on its merits.

Petitioner has filed a notice of appeal, which the court construes as including a request for

a certificate of appealability.  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        "Where a district court has rejected the constitutional claims on the merits, the

showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate

that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong."  Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

        Except for substituting the word "constitutional" for the word "federal," section

2253(c)(2) codified the standard announced by the United States Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983). Slack, 120 S. Ct. at 1603. In Barefoot, the court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893 n.4 (citations and internal quotations omitted; emphasis in original). Any doubts about whether the Barefoot standard has been met must be resolved in petitioner's favor. Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

The court denied the instant petition after careful consideration of the merits. The court found no violation of petitioner's federal constitutional rights in the underlying state court proceedings. Petitioner has failed to demonstrate that jurists of reason would find it debatable whether this court was correct in its ruling. Accordingly, the court will DENY petitioner's request for a certificate of appealability. Similarly, the court finds the appeal is not taken in good faith and the request for leave to proceed in forma pauperis on appeal is DENIED. See 28 U.S.C. § 1915(a)(3).

As this matter is no longer pending in this court, petitioner's motion for appointment of counsel is DENIED. Petitioner may seek such appointment in the United States Court of Appeal. Good cause appearing, petitioner's motion for an extension of time is GRANTED.

The Clerk shall serve notice of this order forthwith to the United States Court of Appeal and to the parties. See Fed. R.App.P. 24(a).

This order terminates docket numbers 146, 147, 148, 149, 155, 156.

IT IS SO ORDERED.

DATED: __6/6/08_____                _Ronald M. Whyte_____
                                           RONALD M. WHYTE
                                           United States District Judge

Order Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.01\O'Connell863.coa.wpd